UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL HERMAN, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>CHILDRESS OUTPOST PHARMACY INC. *d/b/a* CLUTCH HEALTH PHARMACY,<br><br>*Defendant*. | **Case No. CIV-25-642-G** |

**PLAINTIFF DANIEL HERMAN'S MOTION TO STRIKE DEFENDANT'S PRO SE MOTION TO DISMISS [DKT 13] AND BRIEF IN SUPPORT**

Daniel Herman ("Plaintiff"), on behalf of himself and all others similarly situated, by and though his undersigned counsel, hereby files his Motion to Strike Defendant Childress Outpost Pharmacy Inc. d/b/a Clutch Health Pharmacy's ("Defendant") *Pro Se* Motion to Dismiss [Dkt. 13], and in support thereof states the following:

**I.   BACKGROUND**

This is a class action arising out of Defendant's telemarketing practices that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and Oklahoma's Telephone Solicitation Act of 2022 (the "OTSA"), Okla. Stat. tit. 15 § 775C.1, *et seq.* Plaintiff alleges that Defendant sent telemarketing text messages advertising Defendant's products and services to individuals on the National Do-Not-Call Registry and continued to send these messages after consumers, like Plaintiff, requested that they stop.

1

[*See, generally* Dkt. 1]. Plaintiff filed his class action complaint on June 11, 2025. [*See id.*]. Defendant was served on June 26, 2025. [*See* Dkt. 12].

On July 14, 2025, Defendant, acting *pro se* via its "managing director Reuben Buckareff" filed a *pro se* motion to dismiss. [*See* Dkt. 13] ("the Motion"). In its Motion, Defendant admits that it obtained a "targeted contact list" from a third party vendor, Exact Data, and engaged an unnamed third-party marketing entity to conduct a text message campaign using the technology platform of another third-party, Klaviyo. [*Id.* at 1-2].

To date, no attorney has entered an appearance for Defendant. For the reasons stated below, the Court should strike the Motion and instruct Defendant to engage counsel for the purposes of this proceeding.

## II.     LEGAL STANDARD

It is well established under Tenth Circuit precedence that a corporation is not allowed to appear *pro se*. *See, e.g., Harrison v. Wahatoyas, L.L.C*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*."); *DeVilliers v. Atlas Corp*., 360 F.2d 292, 294 (10th Cir. 1966) ("[A] corporation can appear in a court of record only by an attorney at law."); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law"); *Riles v. Okla. Cty. Dist. Attorney's Office*, No. CIV-22-599-R, 2022 U.S. Dist. LEXIS 142490, at *2 (W.D. Okla. Aug. 10, 2022) ("Corporations . . . cannot proceed without counsel."). This principle has also been established by the United States Supreme Court. *See, e.g., Rowland v.*

*California Men's Colony*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Finally, this principle can also be found in the court's local rules: "Parties who are not natural persons may not appear pro se." LCvR17.1.

Rule 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). When a corporation appears *pro se* in a federal court action and files a pleading, a court may strike that pleading and instruct the corporation to obtain counsel or risk default. For example, in *Trap King, LLLP v. Mobile Home park Servs.,* the court struck the *pro se* defendant's answer and provided the defendant with an extension of time to obtain counsel and file a responsive pleading:

> The answer (Dkt. # 18) filed on behalf of BDMP was not filed by a licensed attorney and it should be stricken. BDMP is a limited liability company and it may appear before this Court only through a licensed attorney. The answer filed by Dalton is a legal nullity and, thus, BDMP has not entered an appearance in this case. The Court will grant BDMP an extension of time to obtain counsel and file an answer or other responsive pleading under Fed. R. Civ. P. 12 signed by such counsel. BDMP is advised that failure to comply with this Opinion and Order may result in BDMP's default.

*Trap King, LLLP v. Mobile Home Park Servs.,* No. 08-CV-0661-CVE-FHM, 2009 U.S. Dist. LEXIS 31785, at *2-3 (N.D. Okla. Mar. 24, 2009). *See also Sw. Bell Tel. Co. v. Marion Underground Constr.,* No. CIV-17-0087-JH, 2017 U.S. Dist. LEXIS 218264, at *2 (E.D. Okla. Aug. 17, 2017) (granting motion to strike defendant's motion to dismiss and providing defendant extension to appear).

## III.    ARGUMENT

Defendant is a corporation and can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*. *See Harrison,* 253 F.3d at 556; *Riles,* 2022 U.S. Dist. LEXIS 142490, at *2. Because Defendant has not appeared through counsel and filed a motion to dismiss *pro se*, the Court should strike Defendant's Motion. *Trap King*, 2009 U.S. Dist. LEXIS 31785, at *2-3; *Marion Underground Constr.,* 2017 U.S. Dist. LEXIS 218264, at *2. The Court should also provide Defendant with an extension to answer or otherwise respond to the complaint so that Defendant can properly engage counsel.

## IV.    RELIEF REQUESTED

The Court should strike the Motion and instruct Defendant to engage counsel for the purposes of this proceeding.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant his Motion to Strike and for any and all other relief the Court deems just and appropriate.

Respectfully submitted,

Dated: July 14, 2025

*s/Chris R. Miltenberger*
Chris Miltenberger, Esq.*
**Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel Blvd., Suite 200
Southlake, Texas 76092
Tel: 817-416-5060
Fax: 817-416-5062

4

>Max S. Morgan, Esq.*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

>Charles L. Richardson, OBA #13388
Colton L. Richardson, OBA #33767
Richardson Richardson Boudreaux
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
918-888-8000
clr@rrbok.com
colton@rrbok.com

>*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on July 14, 2025, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants. On July 15, 2025 I will mail the document to:

Reuben Buckareff
Childress Outpost Pharmacy, Inc.
805 US Highway 83 N
Childress, Texas 79201

>*/s/ Chris R. Miltenberger*
>Chris R. Miltenberger