UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL HERMAN, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>CHILDRESS OUTPOST PHARMACY INC. *d/b/a* CLUTCH HEALTH PHARMACY,<br><br>*Defendant*. | **Case No. CIV-25-642-G** |

**PLAINTIFF DANIEL HERMAN'S RESPONSE TO DEFENDANT'S
PRO SE MOTION TO DISMISS [DKT 13] AND BRIEF IN SUPPORT**

Daniel Herman ("Plaintiff"), on behalf of himself and all others similarly situated, by and though his undersigned counsel, hereby files his Response to Defendant Childress Outpost Pharmacy Inc. d/b/a Clutch Health Pharmacy's ("Defendant") *Pro Se* Motion to Dismiss [Dkt. 13], and in support thereof states the following:

**I.    BACKGROUND**

This is a class action arising out of Defendant's telemarketing practices that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and Oklahoma's Telephone Solicitation Act of 2022 (the "OTSA"), Okla. Stat. tit. 15 § 775C.1, *et seq.* Plaintiff alleges that Defendant sent telemarketing text messages advertising Defendant's products and services to individuals on the National Do-Not-Call Registry and continued to send these messages after consumers, like Plaintiff, requested that they stop.

1

[*See, generally* Dkt. 1]. Plaintiff filed his class action complaint on June 11, 2025. [*See id.*]. Defendant was served on June 26, 2025. [*See* Dkt. 12].

On **July 14, 2025**, Defendant, acting *pro se* via its "managing director Reuben Buckareff" filed a *pro se* motion to dismiss. [*See* Dkt. 13] ("the Motion"). In its Motion, Defendant admits that it obtained a "targeted contact list" from a third party vendor, Exact Data, and engaged an unnamed third-party marketing entity to conduct a text message campaign using the technology platform of another third-party, Klaviyo. [*Id.* at 1-2].

To date, no attorney has entered an appearance for Defendant. On **July 14, 2025**, Plaintiff filed his Motion to Strike [Dkt. 14] Defendant's *Pro Se* Motion to Dismiss because Defendant is not represented by counsel and a corporation is not allowed to appear *pro se*. *See, e.g., Harrison v. Wahatoyas, L.L.C*, 253 F.3d 552, 556 (10th Cir. 2001).

On **July 25, 2025**, Defendant, still not being represented by counsel, filed a response to Plaintiff's Motion to Strike. [Dkt. 14]. In its response Defendant:

- recognizes that it cannot proceed without counsel;
- requests that the Court grant Plaintiff's motion to strike; and
- requests 60 days to retain counsel and make a proper appearance in the case.

Plaintiff agrees that his motion to strike should be granted and does not oppose Defendant's request for 60 days to hire counsel and appear in the case.

To the extent that the Court desires a response on the merits of Defendant's improper Motion to Dismiss, Plaintiff requests that the Court so notify Plaintiff and Plaintiff will respond on the merits.

Respectfully submitted,

Dated: July 25, 2025

*s/Chris R. Miltenberger*_____
Chris Miltenberger, Esq.*
**Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel Blvd., Suite 200
Southlake, Texas 76092
Tel: 817-416-5060
Fax: 817-416-5062

Max S. Morgan, Esq.*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Charles L. Richardson, OBA #13388
Colton L. Richardson, OBA #33767
Richardson Richardson Boudreaux
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
918-888-8000
clr@rrbok.com
colton@rrbok.com

*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on July 25, 2025, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants. On July 25, 2025 I mailED the document to:

3

Reuben Buckareff
Childress Outpost Pharmacy, Inc.
805 US Highway 83 N
Childress, Texas 79201

                                            */s/ Chris R. Miltenberger*
                                            Chris R. Miltenberger