UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL HERMAN, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-25-642-G ) |
| CHILDRESS OUTPOST PHARMACY INC. d/b/a CLUTCH HEALTH PHARMACY, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Daniel Herman, on behalf of himself and all others similarly situated, filed this civil action against Defendant Childress Outpost Pharmacy Inc. d/b/a Clutch Health Pharmacy on June 11, 2025, raising claims under federal and state law.

On October 17, 2025, the Court ordered Defendant to "obtain counsel and file an entry of appearance for counsel in this matter" within sixty days of that date. *See* Order of Oct. 17, 2025 (Doc. No. 17) at 1-2. As referenced in the Court's Order, Defendant's acquisition of representation is required because "parties who are not natural persons may not appear *pro se*." LCvR 17.1; *accord Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 92 (10th Cir. 2011); *U.S. Dep't of Lab. v. Mr. Cao's LLC*, No. 22-1165, 2024 WL 3567341, at *3 (D. Kan. Mar. 1, 2024).

As of this date, Defendant has not obtained new counsel, sought an extension of time to do so, or otherwise been in contact with the Court regarding this action.

Now before the Court is Plaintiff's Motion for Entry of Default (Doc. No. 18), seeking the entry of Defendant's default pursuant to Federal Rule of Civil Procedure 55(a). The Motion's certificate of service reflects that the Motion was sent to Defendant's managing director via U.S. Mail.  *See id.* at 3.  Neither Defendant nor any representative of Defendant responded to the Motion within the time allowed under the Court's local rule.

The Court finds as follows: On October 17, 2025, Defendant was put on notice that it must retain counsel to appear in this Court.  Additionally, Defendant has been informed through Plaintiff's Motion that Plaintiff is seeking the entry of default due to Defendant's continued failure to obtain counsel.  Despite opportunity and specific instruction, Defendant has not secured representation and has not shown good cause for its failure to comply with the Court's Order.  Additionally, Defendant's failure to defend itself against Plaintiff's claims through a properly submitted pleading or motion has imposed indefinite delay and uncertainty with regard to Plaintiff's rights.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Further, the Tenth Circuit has explained that "[d]odging [the] obligation" to be represented by an attorney "opens a corporation to the possibility of default." *Zimmerling v. Affinity Fin. Corp.*, 478 F. App'x 505, 508 (10th Cir. 2012).  As outlined herein, Defendant "has failed to plead or otherwise defend" itself against Plaintiff's claims, that failure has been "shown by affidavit or otherwise," and Defendant is in default.  Fed. R. Civ. P. 55(a); *see Mr. Cao's*, 2024 WL 3567341, at *5; *GreenTree*

*Transp. Co. v. Speedy Heavy Hauling, Inc.*, No. 10-cv-02657, 2011 WL 5834746, at *6 (D. Colo. Sept. 19, 2011) (R. & R.), *adopted in relevant part*, 2011 WL 5834714 (D. Colo. Nov. 17, 2011).

CONCLUSION

Plaintiff's Motion for Entry of Default (Doc. No. 18) is GRANTED.

The Clerk of Court is DIRECTED to enter default against Defendant Childress Outpost Pharmacy Inc. d/b/a Clutch Health Pharmacy on the claims of Plaintiff Daniel Herman, on behalf of himself and all others similarly situated.

IT IS SO ORDERED this 2nd day of June, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

3